UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES MARSHALL, | : | CIVIL CASE NO. |
|    Petitioner, | : | 3:19cv1509 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CHRISTINE BERONE, et al., | : | JULY 14, 2020 |
|    Respondents. | : | |

## RULING ON MOTION TO DISMISS

The petitioner, Charles Marshall, a prisoner currently incarcerated at MacDougall-Walker Correctional Institution, filed his Petition for a Writ of Habeas Corpus on September 25, 2019, pro se, pursuant to 28 U.S.C. § 2254.

The petitioner challenges his state conviction, following a trial to the court, of one count of burglary in the first degree in violation of Connecticut General Statutes § 53a-101(a)(1); one count of burglary in the first degree in violation of Connecticut General Statutes § 53a-101(a)(2); two counts of burglary in the second degree in violation of Connecticut General Statutes § 53a-102(a)(2); and one count of assault in the first degree in violation of Connecticut General Statutes § 53a-59(a)(1)[1].  See Petition (Doc. No. 1); State v. Marshall, 132 Conn. App. 718, 720-21 (2011), cert. denied, 303 Conn. 933 (2012).   On March 19, 2010, the petitioner was sentenced to a total effective sentence of sixty-two and one-half years of incarceration, although this sentence was later modified on January 22, 2019, by the Sentence Review Division of the Connecticut

---

[1] The petitioner was also convicted of being a persistent serious felony offender in violation of Connecticut General Statutes § 53a-40(c).  Marshall, 132 Conn. App. at 722 n.3

1

Superior Court to a sentence of fifty-two and one-half years' incarceration.[2]  See State v. Marshall, No. UWYCR04204586, 2019 WL 2440209, at *1-3 (Conn. Super. Ct. Jan. 22, 2019) (reviewing petitioner's sentence and remanding to the Superior Court for resentencing).

Respondents have filed a Motion to Dismiss, arguing that two out of four grounds for relief have not been exhausted in accordance with section 2254(b)(1)(A).  (Doc. No. 14 at 2) (citing 28 U.S.C. § 2254(b)(1)(A)).  The respondents maintain that the Petition constitutes a "mixed petition", which should be dismissed in its entirety.  Id.  In response, the petitioner admits that he has not fully exhausted all of his grounds for relief, and he seeks to withdraw all of his claims for relief in his Petition so that he may fully exhaust his state court remedies.  After consideration of the Petition, respondents' arguments for dismissal, and the petitioner's response thereto, the court concludes that the Petition should be dismissed without prejudice.

**I.  PROCEDURAL BACKGROUND**

The court takes judicial notice and incorporates herein the facts underlying petitioner's arrest as set forth by the Connecticut Appellate Court relevant to the petitioner's direct appeal.  See Marshall, 132 Conn. App. at 721.  In considering the petitioner's state habeas petition, the Connecticut Superior Court summarized the following procedural background:

---

[2] The court may "take judicial notice of relevant matters of public record."  Giraldo Marshall v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012).  See Connecticut Department of Correction website showing date of sentencing.
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=119969.

> The petitioner was the defendant in several different criminal cases in the judicial district of Waterbury.  In docket number CR07–363203 ("assault case"), the petitioner was charged in a substitute information with one count of burglary in the first degree in violation of General Statutes § 53a–101(a)(1), one count of burglary in the first degree in violation of General Statutes § 53a–101(a)(2), one count burglary in the second degree in violation of General Statutes § 53a–102(a)(2), and one count of assault in the first degree in violation of General Statutes § 53a–59(a)(1).  The petitioner was also charged in an amended Part B information with being a persistent serious felony offender in violation of General Statutes § 53a–40(c).  In docket number CR08–368369, the petitioner was charged in a substitute information with one count of burglary in the second degree in violation of General Statutes § 53a–102(a)(2).  The petitioner was also charged in an amended Part B information with being a persistent serious felony offender in violation of General Statutes § 53a–40(c).  After the state successfully sought the consolidation of these two dockets, the petitioner waived his right to a jury trial and opted to have the consolidated matters tried to the court.
>
> The consolidated cases were tried to the court, Schuman, J., who determined that the petitioner had not acted in self-defense and convicted the petitioner on all counts.  The court also found the petitioner guilty of two separately charged counts of violation of probation and revoked his probation.  The petitioner entered guilty pleas to the two charges of being a persistent serious felony offender.  The court ordered a presentence investigation (PSI) report and continued the matter for sentencing.  On March 19, 2010, the court sentenced the petitioner to a total effective sentence of sixty-two and one-half years of incarceration.

Marshall v. Warden, No. CV134005144S, 2015 WL 9809753, at *1 (Conn. Super. Ct. Dec. 10, 2015), aff'd sub nom. Marshall v. Comm'r of Corr., 184 Conn. App. 709, 196 A.3d 388 (2018).   At his trial, the petitioner was represented by appointed counsel Dennis Harrigan.  Id.

The petitioner, who was then represented by different appointed counsel, Special Public Defender Kirstin B. Coffin, filed a direct appeal of the judgment of conviction to the Connecticut Appellate Court.  See Marshall, 132 Conn. App. at 720.   On appeal, the petitioner "contend[ed] that: (1) there was insufficient evidence (a) to establish that he was guilty of assault because the state failed to disprove his claim of self-defense, (b) to convict

3

him of burglary in the first degree for the burglary that occurred at 103 Waterville Street, and (c) to establish that he was the individual who committed the burglaries at 29 and 103 Waterville Street; and (2) the trial court abused its discretion in finding that he violated his probation." Id. at 720-21.  In a decision dated December 27, 2011, the Connecticut Appellate Court affirmed the judgment of the trial court.  Id. at 720.

The petitioner sought certification to the Connecticut Supreme Court, which denied certification on February 3, 2012.  State v. Marshall, 303 Conn. 933 (2012). The petitioner did not petition for a writ of certiorari in the United States Supreme Court.

Commencing in March 2012, the petitioner filed several pro se petitions for writ of habeas corpus that all challenged his convictions; the Connecticut Superior Court subsequently consolidated his petitions into one case.[3]  See Marshall, 2015 WL 9809753 at *1.

On September 4, 2015, Attorney Evan K. Buchberger of the Day Law Firm filed a fifth amended petition, which became the operative petition, raising claims in five counts: (1) the petitioner's right to due process was violated: (2) the petitioner's right to effective assistance of counsel was violated by an actual conflict of interest; (3) the petitioner's right to effective assistance of counsel was violated; (4) the petitioner's right to effective assistance of appellate counsel was violated; and (5) the petitioner's right to equal protection was violated.  Marshall, 2015 WL 9809753 at *1.  In his third count, the petitioner asserted that Attorney Harrigan was ineffective because he failed to: (1)

---

[3] The court takes judicial notice of public record at the Connecticut Judicial Website, which reflects the consolidated docket as CV13-4005144-S.
http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV134005144S.

oppose consolidation of multiple dockets; (2) challenge identifications based on unduly suggestive photo arrays and their admission into evidence; (3) raise and present an alibi defense (specifically, the testimony of Robert Figueroa); (4) present the eye-witness testimony of James Batista (supporting the claim of self-defense); and (5) object to the court's exclusion of the petitioner from the in-chambers conference to discuss a possible conflict of interest.  See Fifth Amended Petition, Respondents' Appendix T (Doc. No. 14-20 at 46-47); Marshall, 2015 WL 9809753 at *5 (noting "the petitioner's third and primary count alleges that Attorney Harrigan was ineffective in five ways in that he failed to: (1) oppose consolidation of multiple dockets; (2) challenge identifications based on unduly suggestive photo arrays and their admission into evidence; and (3) object to the court's exclusion of the petitioner from the in-chambers conference to discuss a possible conflict of interest.").

After briefing and hearing testimony from the petitioner's former defense counsel, Attorney Harrigan, the Connecticut Superior Court issued a written decision, dated December 10, 2015, denying the fifth amended petition for habeas corpus relief in its entirety.  Marshall, 2015 WL 9809753 at *1.

The petitioner appealed this denial to the Connecticut Appellate Court on the grounds of ineffective assistance of trial counsel.  Specifically, the petitioner claimed that the habeas court erroneously determined that his trial counsel did not provide ineffective assistance on the basis of (1) his attorney having an actual conflict of interest as a result of his prior representation of a witness in an unrelated criminal case; (2) failing to object to the trial court's exclusion of the petitioner from participation in an in-

chambers conference; (3) failing to move to suppress one witness's identification of him from a photographic array; and (4) failing to challenge the consolidation of his two criminal cases for trial. See Marshall v. Comm'r of Corr., 184 Conn. App. 709, 711 (2018).

In a unanimous decision issued on September 18, 2018, the Connecticut Appellate Court affirmed the judgment of the state habeas court. Id. at 711, 727.

The petitioner filed a petition to the Connecticut Supreme Court to certify the case for review as to whether the "Appellate Court err[ed] when it determined that the habeas court did not abuse its discretion in denying the petitioner's petition for certification and denying his petition for writ of habeas corpus where the petitioner's trial counsel provided ineffective assistance on the basis of: (1) an actual conflict of interest due to his prior representation of the state's key witness, in an unrelated criminal matter, [and] (2) failing to object to the petitioner's exclusion from an in-chambers conference to discuss the possible conflict of interest[.]" See Petition for Certification, Respondents' Appendix W (Doc. No. 14-23 at 2). On November 28, 2018, the Connecticut Supreme Court denied the petitioner's petition for certification. See Marshall v. Comm'r of Corr., 330 Conn. 949 (2018).

In his federal petition, filed on September 25, 2019, the petitioner represents that he has a state pending habeas case in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. See Petition (Doc. No. 1 ¶ 23, at 18). He states that his pending state habeas case, which he filed on April 12, 2016, raises the following issues: "ineffective assistance of appellate/habeas/habeas appeal attorneys . . . Brady,

plain error, clear error and other issues not yet determined." Id.   The docket available on the Connecticut Judicial Website shows petitioner is represented by counsel in that matter, and that a trial had been scheduled to commence February 8, 2021.[4]

He has another state habeas petition initiated on September 30, 2019, and it remains pending in the Connecticut Superior Court for the Judicial District of Tolland at Rockville.[5]

## II.   LEGAL STANDARD

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies.   O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").   The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems.   See Davila v. Davis, 137 S. Ct. 2058, 2064, (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional

---

[4] Marshall v. Comm'r of Corr., No. CV16-4008015-S4 (Conn. Super. Ct. filed Apr. 12, 2016), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV164008015S.

[5] Marshall v. Comm'r of Corr., No. CV19-5000363-S (Conn. Super. Ct. filed Sept. 30, 2019), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV195000363S.   The online docket for this case lists the Brodeur Law Firm as counsel for Marshall but also reflects a Motion to Withdraw Appearance that was printed on July 2, 2019.   Id. at Entry 111.00. The docket also indicates that Marshall filed an amended Application for a Writ of Habeas Corpus on March 2, 2020.   Id. at Entry 113.00.

7

violation.'") (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).  To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).  A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." Id. at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

**III.   ANALYSIS**

The petitioner asserts four grounds in support of his petition for habeas corpus relief: (1) that the "[h]abeas court and appellate court erred in determining no actual or potential conflict of interest existed due to trial counsel's prior representation of [the]

8

state's key witness[;]" (2) that "[t]rial counsel was ineffective when he failed to object to exclusion of the petitioner from the in-chambers conference to discuss counsel's potential conflict[;]" (3) that "[t]rial counsel fail[ed] to challenge consolidation of the charges stemming from two burglaries[;]" and (4) that "[t]rial counsel was ineffective for failing to move to suppress the identification he 'claimed' at trial to be unduly suggestive."   Petition (Doc. No. 1 ¶ 19, at 9-15).

The respondents represent that the first two grounds have been exhausted through his consolidated habeas petition proceeding under case number CV-134005144-S that was appealed to the Connecticut Supreme Court.   However, as the respondents argue (and the petitioner admits), the petitioner's third and fourth grounds remain unexhausted.

The Connecticut Appellate Court did review grounds three and four when it affirmed the Superior Court's denial of habeas relief.   See Marshall, 184 Conn. App. at 711, 725-26.   However, the petitioner's certification to Connecticut Supreme Court did not seek review of these grounds. See Petition for Certification, Respondents' Appendix W (Doc. No. 14-23 at 2).   Absent review by the state's highest court, these grounds have not been exhausted for purposes of federal habeas corpus review.   Galdamez, 394 F.3d at 73 (exhaustion of all available remedies is a prerequisite to federal habeas review.).   Because the petitioner has not exhausted his state court remedies with respect to the third and fourth grounds in the petition, the Petition is a mixed petition containing exhausted and unexhausted grounds.[6]

Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all grounds have been exhausted. See Slack v. McDaniel, 529 U.S. 473, 486 (2000). Under limited circumstances, the District Court has the discretion to stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all of his claims. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (noting that staying a federal habeas petition too frequently will undermine the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."). A stay should be invoked only when a petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, the claims are not clearly without merit, and the petitioner may be time-barred if the case is dismissed. See id. at 277; Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (in view of the one-year limitations period for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1), district courts should not dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court).

---

[6] The petitioner has not alleged that there is no opportunity for redress in state court or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state remedies before proceeding in federal court. See 28 U.S.C. § 2254(b)(1)(B) (federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process; or" circumstances exist that render the state court process "ineffective to protect the rights of the [petitioner]"); Duckworth, 454 U.S. at 3 (noting exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered futile).

Here, the petition does not warrant a stay because the petitioner is not procedurally barred from exhausting his administrative remedies on grounds three and four. The limitations period, which commences when the judgment of conviction becomes final, may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244(d); Rivas v. Fischer, 687 F.3d 514, 533 (2d Cir. 2012) ("[The] statute of limitations . . . runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted).

The court concludes that a stay is unnecessary because the statute of limitations has remained tolled throughout the period that the petitioner's state habeas petitions have been pending in state court—from March 12, 2012 through the present--and will continue to be tolled for as long as the state habeas petition remains pending in state court. Moreover, the petitioner agrees that all four grounds should be withdrawn so that he may exhaust his state court remedies on grounds three and four. Accordingly, the court will dismiss the Petition without prejudice.

## VI.   CONCLUSION

The Motion to Dismiss (**Doc. No. 13**) is **GRANTED**. The Petition for a Writ of Habeas Corpus (**Doc. No. 1**) is **DISMISSED** without prejudice to re-filing a new action after the petitioner has fully exhausted all available state court remedies as to all

grounds in the Petition.[7]

Because the court concludes that jurists of reason would not find it debatable that the Petitioner failed to exhaust his state court remedies with regard to all grounds in the petition, a certificate of appealability will not issue. See Slack, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 14th day of July 2020.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[7] The petitioner is informed that he also has the option of proceeding only as to the one exhausted ground in the petition.  If so, he must file a motion to reopen seeking: (1) to proceed as to the two exhausted grounds in the Petition, and (2) to withdraw all of the unexhausted grounds. The motion must clearly identify the ground that the petitioner claims has been fully exhausted and explain how the ground was exhausted in state court.  The petitioner is cautioned, however, that if he proceeds only as to the exhausted ground, with the intention of presenting the unexhausted grounds to this court after they have been exhausted, he will run the risk that any such new petition will not be considered by this court because it would constitute a second or successive petition.  See 28 U.S.C. § 2244(b)(2).